UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TIMOTHY BYRON SANDERS,**

       **Plaintiff,**              **CIVIL ACTION NO. 16-cv-13952**

       v.                        **DISTRICT JUDGE MARIANNE O. BATTANI**

**COMMISSIONER OF**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Timothy Byron Sanders seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 9) and Defendant's Motion for Summary Judgment (docket no. 10). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.    RECOMMENDATION**

    For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 9) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 10) be **GRANTED**.

## II.	PROCEDURAL HISTORY

Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income on February 13, 2013 and October 25, 2013, respectively, alleging that he has been disabled since May 1, 2001, due to schizophrenia, manic depression, and anxiety disorder. (TR 82-83, 175-86, 210.) The Social Security Administration denied Plaintiff's claims on January 24, 2014, and Plaintiff requested a *de novo* hearing. (TR 82-101, 112-14, 129-33.) On June 11, 2015, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Ethel Revels. (TR 42-81.) In an October 14, 2015 decision, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a limited range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) and was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy. (TR 27-37.) The Appeals Council declined to review the ALJ's decision (TR 1-4), and Plaintiff commenced this action for judicial review. The parties then filed cross motions for summary judgment, which are currently before the Court.

## III.	HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 9 at 10-14), Defendant (docket no. 10 at 4-8), and the ALJ (TR 32-36, 37) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony. Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 1, 2001, and that Plaintiff suffered from the following severe impairments: major depressive disorder, schizoaffective disorder, anxiety disorder, and rotator cuff pathology of the right shoulder. (TR 29-30.)  The ALJ also found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 30-32.)  The ALJ then found that Plaintiff had the following RFC:

> [C]laimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except is limited to simple, routine tasks, such as those jobs at the SVP 1 or 2 level, due to auditory hallucinations, irritability, & other symptoms from mental impairment he has occasional limitations in the ability to maintain concentration for extended periods but not off task for more than 10% of the workday; no work at hazardous heights or around dangerous machinery; no work as a team member, having only casual contact or interaction with coworkers; and no close supervision.

(TR 32-36.)  Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 36-37.)  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from May 1, 2001, through the date of the decision. (TR 28, 37.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127

F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

4

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C. Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter

5

upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because (1) the ALJ erred in according little weight to the opinion of Plaintiff's treating therapist; (2) the ALJ failed to assess Plaintiff's mental RFC in accordance with Social Security Ruling (SSR) 96-8p and SSR 85-15; (3) the record is devoid of any support for ALJ's assessment of Plaintiff's physical RFC, as the record contains no physical RFC assessments completed by a physician; (4) the ALJ violated SSR 96-8p by failing to include a function-by-function analysis in her decision; and (5) the ALJ failed to comply with 20 C.F.R. § 404.1527 by failing to accord adequate weight to the opinion of Plaintiff's treating physician. (Docket no. 9 at 7, 16-29.)

### 1. The ALJ's Assessment of Plaintiff's Treating Therapist's Opinion

Plaintiff argues that the ALJ "committed reversible error in according little weight to the opinion of the Plaintiff's treating therapist, Ms. Boyd, who is a doctor in nursing practice." (Docket no. 9 at 16-20.) As Plaintiff notes, Karen Boyd is a Doctor of Nursing Practice with Team Mental Health. Plaintiff's medical record indicates that he treated with Team Mental Health from March 2013 to April 2015, during which period Ms. Boyd conducted a medication review on December 20, 2013, performed a psychiatric evaluation on January 4, 2014, and completed a medical source statement concerning Plaintiff's impairments on June 6, 2014. (TR 280, 289-96.) In the Medical Source Statement, Ms. Boyd opined that Plaintiff's ability to understand, remember, and carry out detailed instructions and to maintain attention and

concentration for extended periods was markedly limited. She also opined that Plaintiff's ability to remember locations and work-like procedures; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; complete a normal workday and workweek without interruptions from psychologically based symptoms; get along with co-workers or peers without unduly distracting them; and respond appropriately to changes in the work setting, among other abilities, were moderately limited. When asked about whether Plaintiff suffered a substantial loss of certain abilities, to provide the duration of Plaintiff's assessed limitations, and to provide any clarifying comments, Ms. Boyd stated, "Please see psych evaluation."

The ALJ discussed the treatment records from the medication review and psychiatric evaluation that Ms. Boyd performed. (TR 33.) The ALJ also discussed Ms. Boyd's Medical Source Statement and assessed her opinion as follows:

> The undersigned gives little weight to Ms. Boyd's Medical Source Statement, as it is not supported by the evidence in the record. She merely cites to her psychiatric evaluation but provides no context for the specific limitations, especially those that she described as "marked" (Exhibits 4F and 5F). Moreover, the record repeatedly references the claimant's noncompliance with prescribed psychotropic medications that, by his own admission, were helpful in limiting his mental symptoms (Exhibits 3F/14 and 6F/3). In any event, although she is a doctorate in nursing practice, this is not an acceptable medical source under the regulations; thus, Ms. Boyd cannot issue a medical opinion (*See* 20 CFR 404.1513(a), 404.1527(a)(2), 416.913(a), and 416.927(a)(2)). Nevertheless, Ms. Boyd's statement has been considered under 20 CFR 404.1513(d) and 416.913(d).

(TR 34-35.)

As the ALJ stated, doctors of nursing practice are not "acceptable medical sources" under the Regulations. *See* 20 C.F.R. §§ 404.1513(d), 416.913(d). Opinions from sources that are not considered "acceptable medical sources" are important and should be evaluated when assessing the severity of an individual's impairments and the impact that those impairments have on the

7

individual's ability to function. 20 C.F.R. §§ 404.1513(d), 416.913(d); SSR 06-03p, 2006 WL 2329939, at *2, *3 (Aug. 9, 2006). Nevertheless, the ALJ is not required to accord those opinions any special weight or consideration. *Taylor v. Comm'r of Soc. Sec.*, No. 1:11-cv-46, 2012 WL 1029299, at *6 (W.D. Mich. Mar. 26, 2012) (citing 20 C.F.R. § 404.1513(d)(1)). Social Security Ruling 06–03p states that there are certain factors an ALJ may weigh when reviewing opinions from non-acceptable medical sources, such as the nature and extent of the relationship between the source and the individual, how well the source explains the opinion, the source's specialty or area of expertise, the degree to which the source presents relevant evidence to support his or her opinion, whether the opinion is consistent with other evidence, and any other factors that tend to support or refute the opinion. 2006 WL 2329939, at *4-5. "SSR 06-3p is phrased in permissive rather than mandatory terms," particularly with regard to weighing the suggested factors. *Bernard v. Comm'r of Soc. Sec.*, No. 11-12951, 2012 WL 3639054, at *12 (E.D. Mich. July 25, 2012) (citations omitted), *report and recommendation adopted*, 2012 WL 3646937 (E.D. Mich. Aug. 23, 2012); *see* SSR 06-03p, 2006 WL 2329939, at *4-5.

Accordingly, the ALJ was under no obligation to explain the weight that she assigned to Ms. Boyd's opinion or give good reasons for discounting Ms. Boyd's opinion. *See Southward v. Comm'r of Soc. Sec.*, No. 11-CV-14208, 2012 WL 3887439, at *10 (E.D. Mich. May 17, 2012). Moreover, the ALJ was not required to explain why she did not adopt the limitations assessed by Ms. Boyd. Nevertheless, a plain reading of the ALJ's assessment of Ms. Boyd's opinion shows that the ALJ did address the SSR 06-03p factors in her assessment. For example, the ALJ noted Ms. Boyd's area of expertise, she discussed the lack of explanation that Ms. Boyd provided for her opinion, and she found that Ms. Boyd's opinion was not supported by the record evidence, specifically, the evidence that Plaintiff's medications were helpful in limiting his mental

8

symptoms. (*See* TR 35.) Therefore, the ALJ did not err in assigning little weight to Ms. Boyd's opinion, and Plaintiff's Motion for remand on this basis should be denied.

### 2. *The ALJ's Assessment of Plaintiff's Mental RFC*

Plaintiff argues that the ALJ failed to assess his mental RFC in accordance with SSR 96-8p and SSR 85-15. (Docket no. 9 at 20-23.) SSR 96-8p requires that a claimant's non-exertional capacity, including his or her mental limitations, "be expressed in terms of work-related functions." SSR 96-8p, 1996 WL 374184, at *6 (July 2, 1996). SSR 96-8p further notes that "[w]ork-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." *Id*.; *see also* SSR 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985).

Plaintiff argues that the ALJ violated SSR 96-8p and SSR 85-15 because she did not address Plaintiff's ability to complete the work-related mental activities outlined by the Rulings anywhere in her decision. (Docket no. 9 at 22.) Plaintiff is incorrect. The ALJ explicitly addressed Plaintiff's ability to respond appropriately to supervision and co-workers in her assessment of Plaintiff's mental RFC by limiting Plaintiff to no work as a team member, only casual contact with co-workers, and no close supervision. (TR 32, 35.) Plaintiff's argument in this regard thus leads the court to believe that Plaintiff's counsel did not conduct a careful reading of the ALJ's decision before filing the instant Motion for Summary Judgment.

Additionally, contrary to Plaintiff's argument, while SSR 96-8p implicitly requires an ALJ to consider all work-related limitations and functions in determining a claimant's non-exertional capacity, it does not require an ALJ to explicitly address Plaintiff's limitations with

regard to every work-related function – especially if Plaintiff is not limited with regard to a particular function. *See* SSR 96-8p. In fact, in response to similar arguments advanced by Plaintiff's counsel in other cases, the Court has repeatedly held that an ALJ need not address every possible work-related function. *See*, *e.g.*, *Gilbert v. Comm'r of Soc. Sec.*, No. 15-CV-11325, 2016 WL 8114195, at *5 (E.D. Mich. Apr. 29, 2016); *Sumner v. Comm'r of Soc. Sec.*, No. 13-14303, 2014 WL 6809891 (E.D. Mich. Dec. 2, 2014). In so holding, the Court relied on Sixth Circuit precedent for the premise that "[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc Sec.*, 30 F. App'x 542, 547-48 (6th Cir. 2002) (quoting *Bencivengo v. Comm'r of Soc. Sec.*, No. 00-1995, 251 F.3d 153 (Table) (3d Cir. Dec. 19, 2000)).

Here, it is evident that the ALJ considered the non-exertional work-related functional abilities and limitations outlined in SSR 96-8p and SSR 85-15 that she did not otherwise explicitly address. The ALJ considered these abilities and limitations in conjunction with her consideration of the medical opinion evidence. For example, as discussed above, the ALJ discussed Ms. Boyd's opinion that Plaintiff had several marked and moderate non-exertional functional limitations, including limitations in his ability to understand, remember, and carry out detailed instructions and to respond appropriately to changes in the work setting, and the ALJ found Ms. Boyd's opinion to be unsupported by the record. (TR 35 (citing 289-92).) Conversely, the ALJ considered and gave great weight to the opinion of the state-agency psychological consultant, who, contrary to Plaintiff's argument, explicitly found that Plaintiff's abilities to understand, remember, and carry out very short and simple instructions and to make simple work-related decisions were not significantly limited and that Plaintiff had no adaptation limitations. (TR 35, 90-91.) Accordingly, the ALJ properly considered the work-related

limitations and functions outlined in SSR 96-8p and SSR 85-15 in determining Plaintiff's mental RFC.

Plaintiff also argues in this portion of his brief that the ALJ incorrectly stated that there is no history of psychiatric hospitalization because there is record evidence showing that he has a history of being on psychiatric wards as a child. (Docket no. 9 at 20-21 (citing TR 31, 297).) But, as Defendant points out, the ALJ noted the lack of evidence regarding psychiatric hospitalization in determining that Plaintiff hadn't suffered from any episodes of decompensation during the alleged period of disability. Since Plaintiff's childhood is not part of the alleged period of disability, Plaintiff's childhood history of being on psychiatric wards is irrelevant to the determination of whether Plaintiff had suffered from episodes of decompensation in this matter. (*See* docket no. 10 at 14.) Accordingly, Plaintiff's claim of error regarding his history of psychiatric hospitalization is unavailing.

Plaintiff further argues that the ALJ "completely ignores the repeated diagnosis of post-traumatic stress disorder." (Docket no. 9 at 21 (citing TR 295, 299).) Plaintiff's argument lacks merit. First, Plaintiff was diagnosed with post-traumatic stress disorder (PTSD) by Ms. Boyd, who, as discussed above, is not an acceptable medical source, and whose diagnostic opinion, therefore, is not entitled to any deference. Furthermore, Plaintiff's argument concerning this issue is conclusory, and he does not indicate what additional limitations the ALJ should have assessed to accommodate for his alleged PTSD. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (noting that the plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments through step four of the sequential evaluation process); *see also, Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). Plaintiff has

not met his burden here. In light of the above analysis, Plaintiff's Motion concerning the ALJ's assessment of Plaintiff's mental RFC should be denied.

### 3. The ALJ's Assessment of Plaintiff's Physical RFC

Plaintiff asserts that "there is absolutely no support for the ALJ's physical RFC Assessment as the record is devoid of any physical RFC Assessments from any physicians whatsoever." (Docket no. 9 at 23.) Plaintiff further asserts that he was never sent to a physical evaluation and that there is no physical RFC assessment from a treating or non-treating physician in the record evidence. (*Id.* at 24.) Therefore, Plaintiff argues, "the ALJ is not in a position to make up an RFC." (*Id.*) Plaintiff seemingly believes that the ALJ's RFC assessment must mirror the RFC assessment of an acceptable medical source in order for it to be supported by substantial evidence. Such a belief is contrary to the Social Security Act's rules and regulations, as well as Sixth Circuit precedent.

The RFC assessment is the Commissioner's ultimate finding about the claimant's ability to perform work-related activities. Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *5 (July 2, 1996). It is defined as the most, not the least, the claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ derives the RFC after considering the medical and other relevant evidence in the record. *Id.* "An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010). The ALJ may adopt an opinion of a medical or non-medical source in whole or in part if he finds that it is supported by and not inconsistent with the other substantial evidence of record. But "[a]n ALJ has no obligation to conform his RFC finding to a physician's RFC assessment; as the Sixth Circuit has repeatedly noted, such a requirement 'would, in effect, confer upon the treating

source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.'" *Wagner v. Comm'r of Soc. Sec.*, No. 15-11553, 2016 WL 1729553, at *12 (E.D. Mich. Mar. 22, 2016), *report and recommendation adopted,* No. 15-11553, 2016 WL 1721049 (E.D. Mich. Apr. 29, 2016) (quoting *Rudd v. Comm'r of Soc. Sec.,* 531 F. Appx 719, 728 (6th Cir. 2013) (quoting SSR 96–5p, 1996 WL 374183 (July 2, 1996))). Essentially, at all times the ultimate responsibility for fashioning the RFC rests with the ALJ, who has an obligation to determine the RFC based on the evidence he finds credible. Plaintiff's argument therefore fails in this regard.

Here, the ALJ found that Plaintiff has the physical RFC to perform medium exertional work on the basis that his rotator cuff pathology of the right shoulder has resolved. (TR 34.) Plaintiff challenges this finding by pointing to the results of a May 13, 2014 MRI of his right shoulder, which showed partial tears, degeneration, and "very mild" osteoporosis. (Docket no. 9 at 24 (citing TR 315).) The ALJ considered these MRI results in her decision; the ALJ also noted, however, that Plaintiff last reported "very minimal discomfort" in his right shoulder on September 24, 2014, and that Plaintiff did not complain of shoulder issues at subsequent doctor appointments on November 14, 2014 and February 4, 2015. (TR 34 (citing TR 303-07).) The ALJ reasonably interpreted this evidence as showing that Plaintiff's shoulder issues had resolved. In accordance with the regulations, the ALJ weighed the medical and non-medical evidence in conjunction with Plaintiff's subjective complaints and developed a physical RFC based on the evidence that she found to be credible. Notably, Plaintiff has not produced any medical objective or opinion evidence that demonstrates that he has more physical limitations

13

than those assessed by the ALJ. The ALJ's assessment of Plaintiff's physical RFC is supported by substantial evidence, and it should not be disturbed.

### 4. *The ALJ's Alleged Failure to Provide a Function-by-Function Assessment*

Plaintiff asserts that the ALJ failed to conduct a proper function-by-function analysis of Plaintiff's physical capabilities in the assessment of Plaintiff's RFC, in violation of SSR 96-8p. (Docket no. 9 at 24-25.) Specifically, Plaintiff argues that the ALJ failed to discuss Plaintiff's ability to sit, stand, walk, lift, carry, push, and pull. (*Id*. at 25.) SSR 96-8p provides that "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities. SSR 96-8p, 1996 WL 374184, at \*3. SSR 96-8p also provides that the ALJ must support the RFC assessment by including a narrative discussion describing how the evidence supports her conclusions and providing citations to specific medical facts and nonmedical evidence. *Id*. at \*7.

As noted above, however, "Sixth Circuit precedent clearly establishes that '[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing.'" *Johnson v. Comm'r of Soc. Sec.*, No. 14-cv-14713, 2015 WL 12670490, at \*10 (E.D. Mich. Sept. 18, 2015) (quoting *Delgado*, 30 F. App'x at 547-48)).) Moreover, as Defendant points out, the ALJ did indeed assess Plaintiff's ability to sit, stand, walk, lift, and carry by limiting Plaintiff to medium work. (*See* docket no. 10 at 19 (citing *Fulghum v. Comm'r of Soc. Sec.*, No. 15-13894, 2016 WL 7670614, at \*6 (E.D. Mich. Nov. 21, 2016), *report and recommendation adopted*, 2017 WL 85834 (E.D. Mich. Jan. 10, 2017). This is because medium work is defined as "*lifting* no more than 50 pounds at a time with frequent *lifting* or *carrying* of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c) (emphasis added). The regulations further provide that "[a] full range of medium work requires

*standing* or *walking*, off and on, for a total of approximately 6 hours in an 8-hour workday" and "*sitting* may occur intermittently during the remaining time." SSR 83-10, 1983 WL 31251, at *6 (S.S.A. 1983) (emphasis added). Thus, Plaintiff's argument in this regard is unavailing, and his Motion should be denied with regard to this issue.

### 5. The ALJ's Assessment of Plaintiff's Treating Physician's Opinion

Plaintiff argues that the ALJ erroneously failed to accord adequate weight to the opinion of his treating physician. (Docket no. 9 at 25-29.) It is well settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)). An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the

15

Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting SSR 96-2p, 1996 WL 374188, at *5 (1996)). The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

In this portion of Plaintiff's brief, he summarizes much of his treatment records from Team Mental Health, including the records generated from his treatment with Ms. Boyd and John Head, D.O., a psychiatrist who conducted a psychiatric evaluation of Plaintiff on April 1, 2013. (Docket no. 9 at 26-28.) In summarizing this evidence, Plaintiff also acknowledges that the ALJ outlined the medical documentation from Dr. Head and Ms. Boyd in her decision. (*Id.* at 26 (citing TR 33).) Plaintiff then contradicts himself by arguing that the ALJ did not address

16

his symptoms as documented Dr. Head and Ms. Boyd, *i.e.*, the symptoms from the records that he summarized in his brief. (*Id.* at 28.) Plaintiff's argument in this regard is perplexing; however, to the extent that he argues that the ALJ did not consider the exact same evidence to which Plaintiff cited on the basis that the ALJ did not recite it verbatim in her decision, Plaintiff's argument is without merit. "[I]t is well settled that '[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'" *Kornecky,* 167 F. App'x at 507-08 (quoting *Loral Def. Sys.-Akron v. N.L.R.B.,* 200 F.3d 436, 453 (6th Cir. 1999)). Moreover, the ALJ's decision shows that she did consider all of the treatment records from Team Mental Health. (*See* TR 33-36.)

Next, Plaintiff argues that the ALJ failed to address the weight that she provided to Dr. Head's medical evidence of record; that the ALJ failed to accord adequate weight to Dr. Head's opinion; and that it is impossible to determine what weight the ALJ accorded to Dr. Head's opinion. (Docket no. 9 at 28, 29.) Plaintiff, however, has not identified a single medical opinion rendered by Dr. Head regarding Plaintiff's functional limitations, and the Court finds none. An ALJ cannot improperly assess opinions that do not exist. Plaintiff's argument in this regard therefore fails.

To the extent that Plaintiff argues that the ALJ improperly assessed Dr. Head's opinion regarding Plaintiff's diagnoses, Plaintiff's argument still fails. Dr. Head diagnosed Plaintiff with major depressive disorder, recurrent, severe with psychotic features; polysubstance dependence; back and shoulder problems; peripheral neuropathy; and GERD. (TR 255.) The ALJ explicitly acknowledged Dr. Head's diagnoses of major depressive disorder and polysubstance dependence in her decision, and, in fact, she adopted Dr. Head's diagnoses of major depressive disorder and shoulder problems by finding that they constitute severe impairments. (TR 29, 33.) The ALJ

also discussed Plaintiff's history of polysubstance abuse and found it to be a non-severe impairment. (TR 30.) Plaintiff makes no claims of error regarding the diagnoses of peripheral neuropathy and GERD, and the Court finds none.

To the extent that Plaintiff construes Dr. Head's treatment records as opinions entitled to controlling weight, Plaintiff is again incorrect. "The law and the Social Security regulations recognize a difference between a treating physician's treatment notes or comments, and a treating physician's 'medical opinion:'" generally, treatment notes do not constitute true medical opinions where they fail to "reflect any judgment about the nature of Plaintiff's impairments or articulate any limitations on [his] ability to function." *Terrell v. Comm'r of Soc. Sec.*, No. 12-cv-11781, 2013 WL 5178541, at *11 (E.D. Mich. Sept. 10, 2013); *Kurish v. Comm'r of Soc. Sec.*, No. 11-cv-15637, 2012 WL 6193890, at *9 (E.D. Mich. Nov. 6, 2012), *report and recommendation adopted*, 2012 WL 6192673 (E.D. Mich. Dec. 12, 2012)).) Here, the ALJ discussed and considered the treatment notes generated by Dr. Head, which is all that she was required to do. Plaintiff's Motion regarding the ALJ's assessment of his treating physician's opinion should therefore be denied.[1]

## VI.     CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 9) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 10).

---

[1] Plaintiff also argues in this portion of his brief that the ALJ did not address the weight that she provided to Ms. Boyd's medical evidence of record and that the ALJ did not address Plaintiff's mental RFC anywhere in the decision. (Docket no. 9 at 28, 29.) As discussed in detail above in sections C.1. and C.2., Plaintiff's assertions are blatantly false. Plaintiff's counsel erred by advancing these arguments.

## **REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 23, 2018          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: January 23, 2018        s/ Leanne Hosking
                                      Case Manager