**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIMOTHY BYRON SANDERS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 16-13952

Hon. Marianne O. Battani

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Before the Court is Plaintiff Timothy Byron Sanders' objections (Dkt. 12) to Magistrate Judge Mona K. Majzoub's January 23, 2018 Report and Recommendation ("R & R") (Dkt. 11). The R & R recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 9), grant the Defendant Commissioner of Social Security's motion for summary judgment (Dkt. 10), and affirm the challenged decision of the Defendant Commissioner. For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R in its entirety.

## II. STATEMENT OF FACTS

Neither party objects to the Magistrate Judge's summary of the background facts concerning Plaintiff's claim for Social Security disability insurance benefits and supplemental security income, his medical history, the reports of his functional limitations, and his testimony at the administrative hearing. Accordingly, the Court adopts these unchallenged portions of the R & R.

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge. *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241 (internal quotation marks and citation omitted). If the Commissioner's decision is supported by substantial

evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992) (internal quotation marks and citation omitted). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## IV. ANALYSIS

Plaintiff has lodged a single objection to the R & R. In particular, he challenges the Magistrate Judge's determination that the Administrative Law Judge ("ALJ") did not err in according little weight to the opinion of Plaintiff's treating therapist, Karen Boyd. As observed in the R & R, the ALJ correctly recognized that Ms. Boyd was "not an acceptable medical source" under the pertinent Social Security regulations, and therefore could not "issue a medical opinion." (R & R at 7 (quoting Admin. Record at 35).) Nonetheless — and as also discussed in the R & R — Social Security Ruling ("SSR") 06-03p identifies various factors that an ALJ may consider in weighing the opinion of a medical professional who does not qualify as an "acceptable medical

3

source," including "the nature and extent of the relationship between the source and the [claimant], how well the source explains the opinion, the source's specialty or area of expertise, the degree to which the source presents relevant evidence to support his or her opinion, whether the opinion is consistent with other evidence, and any other factors that tend to support or refute the opinion." (R & R at 8 (citing SSR 06-03p, 2006 WL 2329939, at *4-*5).)

In his present objections, Plaintiff takes issue with the Magistrate Judge's finding that the ALJ sufficiently addressed these factors in determining that Ms. Boyd's opinion was entitled to little weight. In Plaintiff's view, Ms. Boyd's opinion should have been given greater weight, where (i) she had been treating Plaintiff for over a year and a half, and thus was better situated to evaluate Plaintiff's mental limitations than the State agency psychological consultant who performed only a one-time review, and (ii) her opinion was consistent with Plaintiff's testimony and other assessments in the record. (Dkt. 12, Plaintiff's Objections at 4.) Plaintiff also faults the ALJ for purportedly failing to discuss, or even address, the factors identified in SSR 06-03p as appropriate for evaluating the opinion of a non-acceptable medical source such as Ms. Boyd.

Upon independently reviewing the challenged portion of the ALJ's decision, the Court agrees with the Magistrate Judge that the ALJ provided a sufficient explanation, backed by evidence in the record, for discounting the opinion of Ms. Boyd. First of all, the Magistrate Judge correctly points out, and Plaintiff does not dispute, that SSR 06-03p "is phrased in permissive rather than mandatory terms," and that the ALJ therefore "was under no obligation to explain the weight that she assigned to Ms. Boyd's opinion or give good reasons for discounting" this opinion. (R & R at 8 (internal quotation marks

4

and citations omitted).) Nevertheless, the Magistrate Judge concludes, and this Court agrees, that the ALJ did, in fact, address most of the factors set forth in SSR 06-03p, stating (i) that Ms. Boyd did not explain the grounds for her opinion or cite specific evidence in support of the limitations she identified, (ii) that her area of expertise did not qualify her as an acceptable medical source for assessing the severity and impact of Plaintiff's mental impairments, and (iii) that her opinion was inconsistent with other evidence in the record — and, in particular, with "the evidence that Plaintiff's medications were helpful in limiting his mental symptoms." (R & R at 8-9 (citing Admin. Record at 35).) Thus, the Court concurs in the Magistrate Judge's finding that the ALJ did not run afoul of SSR 06-03p in determining the weight to be accorded to Ms. Boyd's opinion.

As for Plaintiff's more general complaint that Ms. Boyd's opinion was entitled to greater weight in light of its consistency with Plaintiff's testimony and other psychiatric and psycho-social assessments in the record, the Defendant Commissioner correctly observes that Plaintiff did not advance this argument in his underlying motion for summary judgment, and thus cannot raise it for the first time in his objections to the R & R. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000). In any event, the ALJ determined that Plaintiff's testimony was not entirely credible, (*see* Admin. Record at 33, 35-36), and Plaintiff has not challenged this finding, so he cannot point to this testimony as support for Ms. Boyd's opinion. Moreover, while Plaintiff points to the notes of other mental health professionals indicating that he suffered from "[p]roblems related to the social environment," "[o]ccupational problems," and "[o]ther psychosocial and environmental problems," and that he complained of "overwhelming" psychosocial

5

stressors, (Plaintiff's Objections at 5 (quoting Admin. Record at 252, 254)), Plaintiff fails to explain how these generalized findings — or, in the case of Dr. John Head's report, recitations of Plaintiff's own complaints, (*see id.* at 254) — lend support to the specific mental limitations identified in Ms. Boyd's medical source statement.  Accordingly, the Court agrees with the Magistrate Judge that the ALJ did not err in discounting Ms. Boyd's opinion.

## V. CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objections.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's January 23, 2018 report and recommendation (Dkt. 11) in its entirety, and **OVERRULES** Plaintiff's February 2, 2018 objections to the report and recommendation (Dkt. 12).  Accordingly, Plaintiff's motion for summary judgment (Dkt. 9) is **DENIED**, Defendant's motion for summary judgment (Dkt. 10) is **GRANTED**, and the challenged decision of the Defendant Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date:   March 29, 2018                                         s/Marianne O. Battani
                                                                         MARIANNE O. BATTANI
                                                                         United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 29, 2018.

                                            s/ Kay Doaks
                                            Case Manager